UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARRY ARMSTRONG | : | Case No. C-1-01-817 |
| Plaintiff | : | (Spiegel, J.; Sherman, M.J.) |
| v. | : | **AFFIDAVIT OF TIMOTHY J. DEARDORFF IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL** |
| CINCINNATI BELL TELEPHONE | : | |
| Defendant | : | |
| | : | |

STATE OF OHIO          )
                       )ss:
COUNTY OF HAMILTON     )

I, Timothy J. Deardorff, after first being duly cautioned and sworn, state the following to be true to the best of my knowledge:

1. I am the attorney for Harry Armstrong, the Plaintiff in the above matter.

2. The Defendant sent their first set of interrogatories and requests for production of documents in June, 2002 to Harry Armstrong.

3. The responses were delivered to Defendant, as set forth in Exhibit C of Defendant's motion. In Exhibit D of Defendant's motion dated July 10, 2003, the Defendants demanded additional information, in effect, arguing about the answers to their interrogatories.

4. Attachment #6 to the memorandum in response to Defendant's motion to compel sets forth a detailed analysis of the Plaintiff's position in regard to their discovery requests.

5. Despite that detailed analysis, the Plaintiff has continued, himself, to search for any documents being requested by the Defendant.

6. Attachment #10 to the Plaintiff's memorandum are the Defendant's responses to Plaintiff, Harry Armstrong's request for production of documents in which every response except for No. 3 was objected to by the Defendant as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable of admissible evidence.

7. In personal conversations with Defense Counsel, I was instructed to contact Benefit One in order to resolve the health insurance issue. After doing so, I was led to Mr. Richard Haas, an employee of Cincinnati Bell, at the direction of Benefit One.

8. I then received a letter from Defense Counsel instructing me not to contact individuals with Cincinnati Bell, who are the only individuals who would be knowledgeable to resolve the conflict involving the health insurance benefits issue and any claim of the Plaintiff for reimbursement.

9. During the course of the second deposition of Harry Armstrong, Defense Counsel continually insisted on knowing how the Plaintiff had used his funds he received from lump sum retirement benefit he received in December, 2002. Not only did they desire to know how he had used the funds but they desired to know how much money he had left from this benefit. Any answer to this would seriously compromise Plaintiff's ability to conduct settlement negotiations.

10. As set forth in their own responses to Plaintiff's request for production of documents to them, the objection was that it is not calculated to lead to the discovery of

admissible evidence and that the question was clearly asked for the purposes of harassment of Harry Armstrong.

11.  During the course of the discussion, I believe I mentioned to Defense Counsel that we could call the Court and discuss that matter at any time they desired as is recommended by this Court's Local Rules.

Further Affiant saight naught.

_____
Timothy J. Deardorff

Sworn to and subscribed in my presence this 16th day of September, 2003.

_____
Notary Public

JAMES S. GINOCCHIO, Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My Commission has no expirjtion
date. Section 147.03 O.R.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARRY ARMSTRONG | : | Case No. C-1-01-817 |
| Plaintiff | : | (Spiegel, J.; Sherman, M.J.) |
| v. | : | **AFFIDAVIT OF HARRY ARMSTRONG IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL** |
| CINCINNATI BELL TELEPHONE | : | |
| Defendant | : | |
| | : | |

STATE OF OHIO       )
                    )ss:
COUNTY OF HAMILTON  )

I, Harry Armstrong, after first being duly cautioned and sworn, state the following to be true to the best of my knowledge:

1. I am the Plaintiff in the above matter.

2. During my second deposition on August 22, 2003, I stated I would continue to look for my 2001 tax return.

3. I had numerous problems in locating documents due to the foreclosure on my prior residence. I was forced to move as a result of a foreclosure action.

4. I believed I had not filed a 2001 tax return in that I was unemployed.

5. I now have a small apartment packed with my belongings in boxes and many more in storage.

6. I was able to find the tax return on September 9, 2003 and forwarded the same to my attorney.

7. I was also unaware that I had any health care coverage until May, 2003 when I received notices that I owed back premiums.

8. I had tried to resolve that problem with the attorney for Cincinnati Bell since the fall of 2002 when I acted as my own counsel.

9. I further believe that Cincinnati Bell's request for the balance of funds on hand from my retirement and how I spent my own money is a continuing attempt to intimidate and harass me as they did during the depositions, as well as ran up my legal fees.

10. My first deposition was by the use of a court reporter on July 14, 2003 and lasted from 9:30 a.m. to 5:30 p.m. The second deposition was on August 22, 2003 and Cincinnati Bell desired to videotape and recorded the deposition as opposed to the use of a court reporter. I found this shocking, unnecessary and somewhat surprising when the first deposition was by court reporter. The second deposition last from 9:30 a.m. until past noon.

11. I believe the deposition would have lasted all day if it had not been objected to by my counsel as exceeding the limits set forth by the Civil Rules.

Further Affiant saith naught.

_____
Harry Armstrong

Sworn to and subscribed in my presence this 17th day of September, 2003.

_____
Notary Public

JAMES S. GINOCCHIO, Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My Commission has no expirjtion
date. Section 147.03 O.R.C.