# TIMOTHY J. DEARDORFF

**ATTORNEY-AT-LAW**

2645 Erie Avenue, Suite #41  
Cincinnati, Ohio 45208  
tjdorff@hotmail.com

(513) 872-7900  
Fax (513) 281-6760

July 17, 2003

Katherine C. Morgan, Esq.  
2200 PNC Center  
201 E. Fifth Street  
Cincinnati, Ohio 45202

Re: Armstrong v. Cincinnati Bell Telephone

Dear Katie:

In response to your letter of July 10th as it relates to your dismay to our responses to the interrogatories and request for production of documents, I will respond as follows:

In Interrogatory #2, you are requesting the names, addresses, etc, of the people with knowledge concerning the allegations in the complaint. The response would be for you to refer to your letter of July 11th, which lists all of your witnesses pursuant to the lay witness disclosure. Those individuals are:

  Brian Keating, Vice President of the Human Resources Administration  
  Gary Foltz, Manager of Employee Relations  
  Michael J. Wallace, Director of Field Repair Operations  
  Stephen Haaser, Director of Employee Relations  
  Tim Day, Team Leader  
  Dr. Mark Kehres, Medical Director  
  Dr. Jan Bending, Former Counselor and Manager  
  Ken Boatright  
  John Walker  
  Ray Bauer  
  Lawrence Cotton  
  Paul Bouldin  
  Paul Field

Obviously, you have the addresses and how to contact these individuals since you are calling them as witnesses. These are individuals who have knowledge of the allegations contained in the complaint.

Katherine Morgan, Esq.
July 17, 2003
Page 2 of 3

    Further, in my letter outlining the individuals whose deposition I would like to take, I listed Kelly Hamilton, who we also believe is an employee of your client. Therefore, we would ask you to contact Kelly Hamilton through your client. Further, we would include Tim Donoghue, who is the president of the Local 4400 and M. Smith, T. Wilson and Gary Vader. These are all individuals related with the Local 4400. These individuals can be contacted through CWA, Local 4400, 2562 West Northbend Road, Cincinnati, Ohio 45239. Further individuals who may have information related to Interrogatory #2 are David Denig, Henley Johns and Theodore Meckler. These are also individuals associated with the Communication Workers of America and located at 20525 Center Ridge Road, #700, Cleveland, Ohio 44146.

    As it relates to Interrogatory #4, my response is based on the limited information made available to the Plaintiff by the Defendant. Plaintiff believes he expects approximately $25.00 per month insurance premiums since his discharge. This belief is based upon my conversations with Benefit One, whom you directed me to and who directed me to Mr. Richard Haas. The only way to calculate what those damages are will be to call Richard Haas as a witness. Furthermore, I believe we can straighten out the health insurance benefit problem with Mr. Haas' intervention and then these will not end up being damages at all in this case.

    As it relates to Interrogatory #11, the individuals who Plaintiff communicated with are Tim Donoghue, President of the Local 4400 at 2562 West Northbend Road, Cincinnati, Ohio 45239 and Gary Vader who is the steward at the Local 4400. I also believe Gary Vader is an employee of the Defendant.

    As to Document Request #1, I have forwarded to you our response to your request for production of documents. The only documents that we have are referred to as the Broadwing Business Code of Conduct. Those are enclosed with the response to the document requests.

    As it relates to Document Request #2, please refer to your own responses to Mr. Armstrong's request for production of documents, in particular #1. I also believe that the documents can be more easily obtained from the EEOC. Furthermore, you can refer to the deposition exhibits that you used the other day, being, Exhibits 36, 38 and 39. I believe one of the problems in trying to respond to your requests is that these requests were made so long ago when Mr. Armstrong was representing himself that you have probably obtained most of those documents through your own due diligence. Obviously, any documents that we have are basically the documents you have already obtained.

Katherine Morgan, Esq.
July 17, 2003
Page 3 of 3

    As it relates to Document Request #6 requesting tax returns, we maintain the same objection. Mr. Armstrong's income for the years 1998, 1999, 2000 and 2001 have no bearing on the prayer for relief in the complaint. The prayer for relief requests that he be paid his salary since the time of termination. His 1998 income tax return, in no way, will be a relevant exhibit for either of us in trying to convince a jury as to what his lost income is for the year 2001. We have also provided to you a calculation based on his last yearly salary of 2000. Assuming he would have earned that amount of money without any increases that would calculate out as to his damages for lost income. Furthermore, all income during the period in question from 1998 through 2000 came from your client. Therefore, they are fully well aware of his income for those time periods.

    As it relates to Document Request #7, again we maintain that is work product. Clearly, Mr. Armstrong was acting as his own counsel, therefore, any documents he may have prepared were prepared in preparation for trial. Without waiving this objection, Mr. Armstrong has no notes, desk calendars, appointment books, work schedules, diaries or other documents, which he prepared or referred to in connection with employment with Defendant or in pursuit of this lawsuit. Obviously, if a document does appear during the course of the road to trial, you will be provided with the same but Mr. Armstrong and I are both unaware of any such documents.

    These will be our final responses to your Request for Production of Documents. If you wish to proceed with a motion to compel, we will be seeking our fees and costs to defend such a motion.

    Finally, I will meet with Mr. Armstrong on Tuesday and forward a settlement proposal by July 24, 2003.

                          Very truly yours,

                            Timothy J. Deardorff

TJD/jg
cc:    Harry Armstrong

### Harry Armstrong v. Cincinnati Bell Telephone, Case No. C-1-01-817
### Responses to Interrogatories

6.   A.    Dr. Douglas Reed, 8857 Cincinnati-Dayton Road, Suite 201, West Chester, Ohio 45069. Plaintiff saw this doctor 2-4 times beginning November/December, 2000.

     B.    Dr. Robert Heiliger, Professional Pastorial-Counseling Institute, 8035 Hosbrook Road, Suite 300, Cincinnati, Ohio 45236. Plaintiff started seeing this doctor in November, 2000.

     C.    Dr. Irvin J. Silverstein, 4750 E. Galbraith Road, Cincinnati, Ohio 45243.

     D.    Dr. Esly Caldwell, c/o Daugherty Medical Group, 629 Oak Avenue, Cincinnati, Ohio 45229.

     E.    Dr. James K. Mulderig, 126 Wellington Place, Cincinnati, Ohio 45219.

7.     I attended two job fairs. I went to Career Resources in 2002. I did not independently look for employment because I believed the Union was handling that aspect. I am exploring starting my own internet sales business.

    I interviewed with Western-Southern Life Insurance. I tested highly but I was rejected.

    I interviewed with Manhattan West Restaurant, Pleasant Ridge Chili, Bob Evans in Kenwood, Longhorn Steakhouse and Frisch's as a cook. I was not hired.

    I interviewed with Ramada Inn for a cook position.

    I spoke with CG&E at the job fair.

# TIMOTHY J. DEARDORFF

2645 Erie Avenue, Suite #41  
Cincinnati, Ohio 45208  
tjdorff@hotmail.com

**ATTORNEY-AT-LAW**

(513) 872-7900  
Fax (513) 281-6760

June 27, 2003

Katherine C. Morgan, Esq.  
2200 PNC Center  
201 E. Fifth Street  
Cincinnati, Ohio 45202

Via facsimile to 651-6981  
and ordinary mail

    Re:    Armstrong v. Cincinnati Bell Telephone

Dear Katie:

Please be advised that our expert witness with regard to the above matter is Dr. Douglas Reed, 8859 Cincinnati-Dayton Road, West Chester, Ohio 45069, (513) 779-7400.

Also, enclosed please find the authorizations that have been signed by my client.

Finally, the following are a list of the people that I may depose. I do not expect their depositions to exceed an hour each:

1. Steven D. Haaser
2. Johnny Walker
3. Ray Bauer
4. Lawrence Cotton
5. Paul Field
6. Paul Bouldin
7. Jeff Cowheard
8. Tim Day
9. Kelly Hamilton
10. Kenny Boatright

Very truly yours,

Timothy J. Deardorff

TJD/jg  
enclosures

# AUTHORIZATION

TO:

Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, Dr. Robert Heiliger is hereby authorized to release to Frost Brown Todd LLC or any of its representatives all medical records, including but not limited to progress notes, emergency room records, operative notes, in-patient records, out-patient records and films of x-rays, x-ray reports, MRIs, CT scans, PET scans or any and all other documents maintained as part of the designated record set, concerning any and all medical treatment that Harry J. Armstrong, II, SSN: 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, DOB: 1/22/51, has received from you or at your institution. A photostatic copy hereof shall be as valid as the original authorization. The cost of same to be charged to Frost Brown Todd LLC.

The purpose of this authorization and request is to obtain medical records pertaining to Harry J. Armstrong, II's physical condition, which may be relevant as it pertains to certain employment law litigation, styled <u>Armstrong v. Cincinnati Bell Telephone</u>, United States District Court, Southern District of Ohio, Western Division, Case No. C-1-01-817, arising out of the dispute surrounding the termination of Mr. Armstrong's employment. This authorization expires at the conclusion of said litigation. The aforementioned expiration date has not passed, as this litigation is ongoing.

Mr. Armstrong has the right to revoke this authorization in writing by providing a signed, written notice of revocation to Katherine C. Morgan, Esq. and Frost Brown Todd LLC.

_____ may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

_____
Harry J. Armstrong, II

Date of Signature: 6/27/03

CinLibrary/1297898.1

# AUTHORIZATION

TO:

     Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, Dr. Irvin Silverstein is hereby authorized to release to Frost Brown Todd LLC or any of its representatives all medical records, including but not limited to progress notes, emergency room records, operative notes, in-patient records, out-patient records and films of x-rays, x-ray reports, MRIs, CT scans, PET scans or any and all other documents maintained as part of the designated record set, concerning any and all medical treatment that Harry J. Armstrong, II, SSN: 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, DOB: 1/22/51, has received from you or any psychiatrist, psychologist, mental health counselor or licensed social worker at your institution. A photostatic copy hereof shall be as valid as the original authorization. The cost of same to be charged to Frost Brown Todd LLC.

     I understand that my express consent is required for you to release information relating to mental illness or psychiatric treatment. If I have been examined, tested, treated or diagnosed in connection with any mental illness or psychiatric treatment, you are <u>specifically authorized to release</u> to the person or entity named above all medical records relating to such diagnosis, testing, or treatment.

     The purpose of this authorization and request is to obtain medical records pertaining to Harry J. Armstrong, II's physical and mental condition, which may be relevant as it pertains to certain employment law litigation, styled <u>Armstrong v. Cincinnati Bell Telephone</u>, United States District Court, Southern District of Ohio, Western Division, Case No. C-1-01-817, arising out of the dispute surrounding the termination of Mr. Armstrong's employment. This authorization expires at the conclusion of said litigation. The aforementioned expiration date has not passed, as this litigation is ongoing.

     Mr. Armstrong has the right to revoke this authorization in writing by providing a signed, written notice of revocation to Katherine C. Morgan, Esq. and Frost Brown Todd LLC.

     may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

Date of Signature: 6 27 03

_____
Harry J. Armstrong, II

CinLibrary/1297898.1

# AUTHORIZATION

TO:

      Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, Dr. Douglas Reed are hereby authorized to release to Frost Brown Todd LLC or any of its representatives all medical records, including but not limited to progress notes, emergency room records, operative notes, in-patient records, out-patient records and films of x-rays, x-ray reports, MRIs, CT scans, PET scans or any and all other documents maintained as part of the designated record set, concerning any and all medical treatment that Harry J. Armstrong, II, SSN: 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, DOB: 1/22/51, has received from you or any psychiatrist, psychologist, mental health counselor or licensed social worker at your institution. A photostatic copy hereof shall be as valid as the original authorization. The cost of same to be charged to Frost Brown Todd LLC.

      I understand that my express consent is required for you to release information relating to drug/alcohol abuse. If I have been examined, tested, treated or diagnosed in connection with any drug/alcohol abuse, you are <u>specifically authorized to release</u> to the person or entity named above all medical records relating to such diagnosis, testing, or treatment.

      The purpose of this authorization and request is to obtain medical records pertaining to Harry J. Armstrong, II's physical and mental condition, which may be relevant as it pertains to certain employment law litigation, styled <u>Armstrong v. Cincinnati Bell Telephone</u>, United States District Court, Southern District of Ohio, Western Division, Case No. C-1-01-817, arising out of the dispute surrounding the termination of Mr. Armstrong's employment. This authorization expires at the conclusion of said litigation. The aforementioned expiration date has not passed, as this litigation is ongoing.

      Mr. Armstrong has the right to revoke this authorization in writing by providing a signed, written notice of revocation to Katherine C. Morgan, Esq. and Frost Brown Todd LLC.

      may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

Date of Signature: 6 27 03

_/s/ Harry J. Armstrong_
Harry J. Armstrong, II

CinLibrary/1297898.1