Attachment #9

# FROST BROWN TODD LLC

2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202-4182
(513) 651-6800
Facsimile (513) 651-6981
www.frostbrowntodd.com

KATHERINE C. MORGAN
kmorgan@fbtlaw.com
(513) 651-6838

August 21, 2003

**VIA FACSIMILE
& REGULAR U.S. MAIL**

Timothy J. Deardorff, Esq.
2645 Erie Avenue, Suite #41
Cincinnati, OH 45208

Re:    *Armstrong v. Cincinnati Bell Telephone*

Dear Tim:

We may use records we have received from third-parties at trial.  For example, we may use records we have received from Plaintiff's counselors and medical providers.  If you will be objecting to the authenticity of these records, please let us know by no later than August 27, 2003, so that we can add document custodians to our list of witnesses.

Thanks.

Very truly yours,

Katherine C. Morgan

cc:    David A. Skidmore Jr., Esq.

CinLibrary/1319835.1

**OHIO • KENTUCKY • INDIANA • TENNESSEE**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| HARRY ARMSTRONG, | : | CASE NO. C-1-01-817 |
| Plaintiff, | : | |
| | : | Judge Spiegel |
| v. | : | Mag. Judge Sherman |
| | : | |
| | : | **DEFENDANT'S RESPONSE TO** |
| | : | **PLAINTIFF'S REQUEST FOR** |
| | : | **PRODUCTION OF DOCUMENTS** |
| CINCINNATI BELL TELEPHONE, | : | |
| | : | |
| Defendant. | : | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Cincinnati Bell Telephone, ("CBT") hereby responds to Plaintiff's Second Request For Production of (Vital) Documents ("Plaintiff's Document Requests").

Each of Plaintiff's Document Requests, including the instructions, are responded to subject to the general objections set forth below. These objections form a part of Defendant CBT's responses to Plaintiff's Document Requests even though they may not be referred to specifically in each response. Failure to incorporate any of these general objections into any specific response should not be construed as a waiver. Defendant CBT's responses to Plaintiff's Document Requests reflect Defendant CBT's best information at this juncture in this case.

### GENERAL OBJECTIONS

1. Only documents containing relevant information or information that is reasonably calculated to lead to the discovery of admissible evidence shall be provided.

2. Defendant objects to the extent a Request seeks documents protected by the attorney-client privilege or documents that are protected by the work product doctrine. In the event Defendant discloses a privileged document or matter, such disclosure is inadvertent and

does not constitute a waiver as to the document inadvertently produced or a waiver as to any other document. Any privileged document shall be returned within 48 hours to counsel for Defendant along with all copies, notes, summaries, or compilations made from or concerning such privileged documents. In addition, Defendant will not provide documents containing information that is protected under any of the other privileges recognized under law.

3.     Defendant will not deem Plaintiff's Document Requests to be continuing and will not automatically supplement its responses to Plaintiff's Document Requests, except that Defendant will supplement as required by the Federal Rules of Civil Procedure.

4.     Defendant reserves the right to object to the use of any document produced pursuant to these requests in any subsequent proceeding or in the trial of this or any other action on any grounds.

5.     Defendant will not provide any documents containing information that constitutes a trade secret or constitutes confidential, proprietary information.

6.     Defendant objects to every one of Plaintiff's Document Requests to the extent such is vague, ambiguous, or not described with reasonable particularity.

7.     Defendant objects to every one of Plaintiff's Document Requests to the extent the document request seeks documents already within Plaintiff's knowledge, possession, control, or more easily available to Plaintiff, on the grounds that such is overly broad, unduly burdensome and expensive to answer.

9.     Defendant objects to every one of Plaintiff's Document Requests to the extent the document request is annoying, embarrassing, oppressive, or overly broad, unduly burdensome, and expensive to answer.

10.    Defendant objects to every one of Plaintiff's Document Requests to the extent the document request requires Defendant to locate or produce documents not reasonably within its possession, custody, or control.  Defendant further objects to every document request to the extent the document request seeks documents that are no longer in existence or are not yet prepared.

11.    Defendant reserves the right at any time to revise, correct, add to, or clarify any of its responses to Plaintiff's Document Requests.

12.    Defendant objects to the time period (November 8, 1990 through the present) specified by Plaintiff as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise indicated, Defendant will produce responsive documents relating to the time period January 1, 1998 to the present.

## REQUESTS

**REQUEST NO. 1:**

Please produce all documents supplied by Defendant to the Equal Employment Opportunity Commission.

**RESPONSE:**

Objection.  This request seeks information more easily available to Plaintiff from the EEOC.  Without waiving this objection, Defendant will produce any responsive, non-privileged documentation that it is able to locate.

**REQUEST NO. 2:**

Please produce all records and or documentation of all comparable employees, either described by name or status such employees who are comparable by 'incident' (e.i. – threatening workplace violence) that the Plaintiff allegedly or otherwise violated, before and after the inception of the "zero-tolerance" policy, dating back approximately twelve (12) years to Plaintiff's incident – November 8, 1990 up to the 'current' and present date.

**RESPONSE**:

Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request seeks documentation that may violate employee privacy expectations. Without waiving these objections, Defendant will produce responsive, non-privileged documents regarding employees who threatened physical violence to a co-worker or supervisor at Defendant's workplace from January 1, 1998 through the present, exclusive of medical records. Defendant reserves the right to supplement its response to this request.

**REQUEST NO. 3**:

Please produce the exact date that the "zero-tolerance" policy went in to effect, and if and how ("all") employees were notified, and if so, provide proof of such.

**RESPONSE**:

Defendant states that it has no documents relating or referring to the exact date that the "zero tolerance" policy went into effect.

**REQUEST NO. 4**:

Please produce any and all records, acknowledgements documents, and or notations of any kind, whether documented 'or otherwise' of 'any' 'incident' the may be even loosely construed by 'anyone' to be a violation of 'said' policy, or a workplace threat.

**RESPONSE**:

Objection. This request is overly broad, unduly burdensome, not stated with reasonable particularity, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, please see Defendant's response to Request No. 2. Defendant is willing to further consider this request upon clarification and limitation by Plaintiff.

**REQUEST NO. 5**:

Please produce documentation of any and all employees who have "banned" from company premises, at any time, and for any reason.

**RESPONSE**:

Objection. This request is overly broad, unduly burdensome, vague, ambiguous, not stated with reasonable particularity, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, please see Defendant's response to Request No. 2.

4

**REQUEST NO. 6:**

Please produce documentation of all employees similarly situated to Plaintiff (by age, race, and length of service) as a splicer who were promoted (whether upward or lateral, or otherwise) to newly created positions or jobs (in the tech filed, such as ADSL, Business, etc.) dating back ten (10) years November 1990 until November 8, 2000, and include all 'equipment' advancement (e.i., vehicle type, make, model, and year, and any other significant tools or equipment that splicers use or may need to aid in doing the 'same' and or better, more efficient job, and include 'how' it was determined 'who' got 'what' and 'when'.

**RESPONSE**:

Objection. This request is overly broad, unduly burdensome, vague, ambiguous, not stated with reasonable particularity, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant is willing to further consider this request upon clarification and limitation by Plaintiff.

**REQUEST NO. 7:**

Please produce documentation as to how the Plaintiff's "reduced" retirement offer $889.00 per month was calculated, and why, as compared to the "75" year 'formula', and provide all documentation referring to such.

**RESPONSE**:

Objection. This request is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant states it is unaware of any document that contains a calculation of Plaintiff's reduced retirement offer. Plaintiff reserves the right to supplement its response to this Request.

**REQUEST NO. 8:**

Please provide documentation of the foregoing, which will 'suffice' for the 'time being', and not limit such to labor employees (re: workplace threats or violence) but also include management personnel.

**RESPONSE**:

Objection. This response is overly broad, unduly burdensome, vague, ambiguous, not stated with reasonable particularity, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant is willing to further consider this request upon clarification and limitation by Plaintiff.

**REQUEST NO. 9:**

Please provide all documentation or substance given to any potential employer regarding the Plaintiff, <u>and</u> with respect to his employability.

**RESPONSE**:

Defendant states that it has provided no documentation to any potential employer regarding Plaintiff.

Dated this 1st day of October 2002.

FROST BROWN TODD LLC


Mekesha H. Montgomery (0073443)
David T. Croall (0009149)
Tanya O. Lenko (0074338)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800

Trial Attorneys for Defendant

6

## CERTIFICATE OF SERVICE

This is to certify that a copy of Defendant's Response to Plaintiff's Request for

Production of Documents has been sent by ordinary United States mail, postage prepaid to

Plaintiff Harry J. Armstrong (appearing *pro-se*), 2436 Bloom St., Cincinnati, Ohio 45214 on this

1st day of October, 2002.

*[signature]*

CINlibrary/1220980.1