# EXHIBIT K

JAMES J. CARILLI, Appellant v. MUTUAL OF OMAHA INSURANCE COMPANY, t/a MUTUAL OF OMAHA COMPANIES

No. 02-3533

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

67 Fed. Appx. 133; 2003 U.S. App. LEXIS 11377

May 14, 2003, Submitted Under Third Circuit LAR 34.1(a)
June 6, 2003, Filed

NOTICE:

[**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: On Appeal From the United States District Court For the Western District of Pennsylvania. (D.C. No. 01-cv-00885). District Judge: Honorable Gary L. Lancaster.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff former employee filed an action against his former employer pursuant to the Age Discrimination Act of 1967, 29 U.S.C.S. § 621 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq.; and the Civil Rights Act of 1866. The United States District Court for the Western District of Pennsylvania granted summary judgment to the employer and the employee appealed.

OVERVIEW: The employee alleged that the employer fired him because he was of Italian national origin and of the Roman Catholic religion, and because of his age. The employer's purported non-discriminatory reason for firing him was that he posed a violent threat to employees of the company. He had specifically mentioned a gun that he owned and threatened to take "a few people out" if he was fired. Although the employee presented evidence questioning the underlying truth of the allegations that formed the basis for his termination, he did not allege, let alone present evidence, that the employer did not receive the reports of his violent threats. While he presented evidence of numerous stray remarks by non-decision makers which would indicate potential discriminatory animus by those making them, the evidence failed to link those remarks to the committee that terminated him.

OUTCOME: The summary judgment was affirmed.

CORE TERMS: discriminatory, human resources, non-decision, animus, purportedly, senior, gun, present evidence, termination, stray, headquarters, terminated, violent

LexisNexis (TM) HEADNOTES - Core Concepts:

Labor & Employment Law: Discrimination: Disparate Treatment: Burden Shifting Analysis
[HN1] In order to discredit an employer's proffered reason for termination, a plaintiff alleging discrimination cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.

67 Fed. Appx. 133, *; 2003 U.S. App. LEXIS 11377, **

Furthermore, stray remarks by non-decision makers are inadequate to support an inference of discrimination by the employer.

COUNSEL: For Jame J. Carilli, Appellant: Christopher Lepore, Cooper & Lepore, Pittsburgh, PA.

For MUTUAL OMAHA INS CO, Appellant: John C. Unkovic, Cathy Bissoon, Reed Smith, Pittsbrugh, PA.

JUDGES: Before: RENDELL, SMITH, and ALDISERT, Circuit Judges.

OPINIONBY: D. Brooks Smith

OPINION: [*134] OPINION OF THE COURT

SMITH, Circuit Judge.

   James Carilli is appealing the District Court's grant of summary judgment to his former employer, the Mutual of Omaha Insurance Company ("Mutual of Omaha"), on Carilli's claims pursuant to the Age Discrimination Act of 1967, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866. The District Court had jurisdiction pursuant to 42 U.S.C. § 2000e, 29 U.S.C. § 621-634, and 28 U.S.C. § 1331. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1291.[**2] Because we write solely for the benefit of the parties, we will dispense with a detailed account of the facts of the case and limit our discussion to those facts and issues critical to this appeal.

   Carilli alleges that Mutual of Omaha fired him because he "is of Italian National Origin or 'race' and of the Roman Catholic religion," and because of his age. Mutual of Omaha's purported non-discriminatory reason for firing Carilli is that Carilli posed a violent threat to employees of the company. Evidence presented to the District Court indicated that Mutual of Omaha's Human Relations Department received letters and telephone calls from employees, who at that time worked for Carilli, complaining about his volatile conduct. As the General Manager of the Pittsburgh office of Mutual of Omaha, Carilli had a well-documented history of [*135] abusing and intimidating employees, belittling employees, and creating an atmosphere of hostility in his office.

   Events came to a head when, in August of 1999, senior management visited the Pittsburgh office to investigate the complaints circling about Carilli and his management of that office. At the beginning of October, Human Resources in Omaha then received[**3] a letter from a Mutual of Omaha employee and two non-employee agents in Pittsburgh. They asserted that, after the investigation of Carilli in Pittsburgh by senior management, Carilli purportedly had held a threatening meeting with the three of them during which Carilli made references to a gun he owned, played the theme from the motion picture "The Godfather" in the background, and made allusions to some association with the mafia. Referring to the firearm as "his equalizer," Carilli purportedly asserted that "a gun made all men equal." Later that same month, Human Resources in Omaha received a telephone call from one of Carilli's Pittsburgh employees, who had purportedly overheard Carilli exclaim, "If they're going to fire me, I'm going to take my gun and I'm taking a few people out."

   Based on these reports, a committee stationed at headquarters in Omaha met, including representatives from human resources, the employee assistance program, security, employee relations, the legal department, and the employee's direct manager. Based on the record amassed by human resources, this so-called "Violence Committee" unanimously decided that Carilli should be immediately terminated due to his[**4] threat of violence against Mutual of Omaha's headquarters. Days later, members of Mutual of Omaha's senior management flew to Pittsburgh and, with security present, terminated Carilli.

   [HN1] In order "to discredit the employer's proffered reason [for termination], . . . the plaintiff [alleging discrimination] cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). Furthermore, "stray remarks by non-decision makers . . . are inadequate to support an inference of discrimination by the employer." Gomez v. Allegheny Health Services, Inc., 71 F.3d 1079, 1085 (3d Cir. 1995). Although Carilli presented evidence to the District Court questioning the underlying truth of the allegations forming the basis for the Violence Committee's decision to terminate him, Carilli does not allege, let alone present evidence, that the Violence Committee did not receive the reports of Carilli's violent threats nor credit

and act in reliance thereupon. The[**5] most that the Violence Committee can be criticized for is not permitting Carilli the chance to present evidence rebutting the allegations against him. However, such a failure does not demonstrate that the basis of the Committee's action was discriminatory, nor does it support Carilli's claim of pretext, absent some evidence of discriminatory animus by that Committee. See Fuentes, 32 F.3d at 765. While Carilli presents evidence of numerous "stray remarks by non-decision makers" at Mutual of Omaha, which would indicate potential discriminatory animus by those "non-decision makers," the evidence Carilli presents fails to link those remarks to the Violence Committee so as to reasonably support an inference of discriminatory intent and pretextual termination by that body. See Gomez, 71 F.3d at 1085; Armbruster v. Unisys Corp., 32 F.3d 768, 779 (3d Cir. 1994). The judgment of the District Court will be affirmed.

BY THE COURT:

/s/ D. Brooks Smith

Circuit Judge