# EXHIBIT L

Bobbie L. Thomas, CLAIMANT-APPELLANT, vs. Board of Review, et al., APPELLEES

NO. CA 1951

COURT OF APPEALS, FIFTH APPELLATE DISTRICT, RICHLAND COUNTY, OHIO

1981 Ohio App. LEXIS 12319

July 29, 1981

**DISPOSITION:** [*1]
Judgment affirmed.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant unemployment compensation claimant challenged a judgment of the Richland County Court of Common Pleas (Ohio), which affirmed a decision of appellee Board of Review affirming the disallowance of her claim by appellee Administrator of the Ohio Bureau of Employment Services.

**OVERVIEW:** The claimant filed a claim for unemployment compensation benefits. The Administrator disallowed her claim and, upon reconsideration, affirmed his earlier decision. The claimant timely appealed, and hearings were held before the Board's referee. The referee affirmed the Administrator's decision, and the Board disallowed the claimant's application to institute a further appeal. The trial court affirmed the Board's decision. The claimant argued that the trial court erred in failing to rule that the manner in which the referee conducted the hearing denied her a fair hearing and that the trial court erred in failing to reverse the Board's conclusion that the claimant's conduct was just cause for discharge. The court found that the court and the trial court lacked jurisdiction to entertain the argument that the claimant was denied a fair hearing because her notice of appeal failed to set forth the denial of a fair hearing as an error of the Board. There was no error in the trial court's determination that the use of profanity coupled with threats of violence against a fellow employee constituted just cause for discharge pursuant to *Ohio Rev. Code Ann. § 4141.29(D)(2)(a)*.

**OUTCOME:** The court affirmed the trial court's judgment.

**CORE TERMS:** claimant, discharged, referee, inspector, manifest, notice of appeal filed, notice of appeal, fair hearing, assigned, quality control inspector, supervisor, co-worker, abusive, seams, set forth, Ohio Unemployment Compensation Law, obscene language, physical harm, direct result, profanity, appearing, sentence, mailed, sewn

**COUNSEL:** Dennis C. Tenison, Richland County Legal Services Assoc., 35 North Park Street, Mansfield, Ohio 44902, ATTORNEY FOR APPELLANT

William J. Brown, Attorney General

Eugene P. Nevada, Ass't Attorney General, 145 South Front Street, Columbus, Ohio 43215, ATTORNEY FOR APPELLEES

**OPINIONBY:** RUTHERFORD, J.

**OPINION:** Judgment Entry

For the reasons set forth in the opinion filed herewith, Appellant's Assignment of Error I is dismissed and Appellant's Assignment of Error II is overruled. No error prejudicial to Appellant appearing, the judgment appealed from is affirmed.

OPINION

Bobbie L. Thomas, Appellant herein, was discharged by her employer, North American Knitting Company, and filed a claim for unemployment compensation benefits. The claim was disallowed by the Administrator of the Ohio Bureau of Employment Services. Upon reconsideration, the Administrator affirmed his earlier decision.

Appellant timely appealed that decision, and hearings were held before a referee of the Board of Review. The referee affirmed the Administrator's decision.

Appellant timely filed an application to institute further appeal from the decision of the referee with the Board [*2] of Review. By decision mailed June 2, 1980, the Board disallowed the application to institute a further appeal.

Pursuant to *R.C. 4141.28 (O)*, Appellant filed a notice of appeal from the decision of the Board of Review to the Richland County Court of Common Pleas.

By judgment entry filed October 17, 1980, the Common Pleas Court affirmed the decision of the Board, finding said decision not to be "unlawful, unreasonable, nor against the manifest weight of the evidence and therefore in accord with Section

Page 1

4141.28(O) R.C. - - - ." Appellant filed a timely notice of appeal therefrom.

In her brief, Appellant sets forth two Assignments of Error:

"I. The Court of Common Pleas erred in failing to rule that the manner in which the hearing was conducted by the Referee denied appellant a fair hearing pursuant to O.R.C. Section 4141.28(J).

II. The Court of Common Pleas erred in failing to reverse the appellant's claim for unemployment, since appellant's conduct did not constitute "just cause" for discharge, pursuant to O.R.C. Section 4141.29(D)(2)(a)."

With respect to Appellant's first assigned error, Appellees argue that this question is not properly before this Court because it [*3] was not set forth as an error complained of, as required by R.C. 4141.28(O), in the notice of appeal filed by Appellant in the Court of Common Pleas.

R.C. 4141.28(O) prescribes the method for appealing a decision of the Board of Review to a common pleas court. It provides, in pertinent part:

"Such notice of appeal shall set forth the decision appealed from and the errors therein complained of." (emphasis added)

The "errors" complained of in the notice of appeal filed in the Common Pleas Court were set forth as follows:

"This appeal is taken upon the grounds that the decision that the Appellant was discharged for just cause in connection with her work pursuant to O.R.C. § 4141.29-(D)(2)(a) is unlawful and against the manifest weight of the evidence. This appeal is taken upon any other or further errors that may become apparent from the transcript of the record of the proceedings before the Board of Review pertaining to the decision complained of herein."

Certainly, the first sentence quoted supra does not claim any error arising under 4141.28(J). Nor do we find the "boiler plate" language of the second sentence sufficient to set forth the claimed denial of a fair hearing [*4] as an error of the Board.

Since Appellant's notice of appeal failed to set forth the denial of a fair hearing as an error of the Board, neither the Court of Common Pleas nor this Court has jurisdiction to entertain the argument. See, McCruter v. Bd. of Review(1980), 64 Ohio St.2d 277.

With respect to Appellant's second assigned error, we find that the notice of appeal filed in the Common Pleas Court was sufficient to state as error the claim that Appellant's conduct did not constitute "just cause" for discharge, pursuant to R.C. 4141.29(D)(2)(a); and, therefore, that this Court has jurisdiction to decide the merits of said argument.

The referee's decision, mailed March 26, 1980, contained the following pertinent findings of fact:

"The claimant was discharged as a direct result of an incident that occurred on her last day of work. On said date, the claimant was assigned to operate a Singer single needle sewing machine. This job was not her regular job, although she had performed the work during an earlier period of her employment.

Shortly after beginning her shift the claimant's work was inspected by the quality control inspector who found that the seams the claimant [*5] was sewing were not properly sewn. The claimant was told to 'watch it' and given several pieces to rework. Approximately an hour later the inspector returned and again found problems with the seams sewn by the claimant. She repeated her earlier warning and instructed the claimant to keep the seams straight. Two or three hours later she returned and found the same problem still existed. When the claimant was informed of the inspector's findings, the claimant called her supervisor who advised the claimant it was the inspector's job to reject work not meeting her standards. The claimant was also informed she would have to do as the inspector told her. The claimant's supervisor then left the claimant's work area, although the inspector remained. At this point the claimant became abusive towards the inspector using extreme profanity. This outburst was followed by a threat to 'whip her ass' after work in the parking lot. The quality control inspector immediately reported the incident to the employer who discharged the claimant."

In our opinion, based upon careful review of the evidence of record, including the transcripts of the hearings before the referee, these findings of [*6] fact were not against the manifest weight of the evidence. Accordingly, we find that the Trial Court committed no error in failing to reverse the Board's decision on that basis.

The question remains, however, whether, under the facts found by the referee, the Trial Court erred in not finding the Board's conclusion that Appellant's conduct was "just cause" for discharge to be either unlawful or unreasonable.

In concluding that Appellant was discharged for just cause within the meaning of the Ohio Unemployment Compensation Law, the referee stated:

"The facts establish the claimant was discharged as a direct result of her abusive language and threats of physical harm directed to a quality control inspector

Page 2

who had authority to instruct the claimant and reject unsatisfactory work. - - - An individual who is discharged for threatening a co-worker, whether the individual is a supervisor or other hourly employee, is guilty of misconduct sufficient to satisfy a discharge within the purview of the Ohio Unemployment Compensation Law. The employer cannot be expected to tolerate threats of physical harm by an employee against any other employee regardless of his or her position." [*7]

In the case of Evans v. Cannon, et al. (Licking County CA No. 2632), decided by this Court on October 18, 1979, Claimant had been discharged from his employment for using abusive and obscene language to a co-worker who had been temporarily placed in charge of operations. The Board of Review determined that Claimant was discharged for just cause, which decision was affirmed by the Common Pleas Court. We found no error in the Court's finding that the decision was not unlawful, unreasonable or against the manifest weight of the evidence; and affirmed the judgment of the Common Pleas Court.

In light of our decision in Evans, supra, wherein we affirmed a determination that abusive and obscene language directed at a co-worker was conduct constituting "just cause" for discharge, we find no error in the decision of the Common Pleas Court appealed from here which affirmed a determination that the use of profanity coupled with a threat of physical violence against a fellow employee constituted "just cause" for discharge pursuant to *R.C. 4141.29(D)(2)(a)*.

Claimant-Appellant's Assignment of Error II is overruled.

For the reasons stated, Appellant's Assignment of Error I is [*8] dismissed for lack of jurisdiction, and Assignment of Error II is overruled. No error appearing in the judgment of the Richland County Court of Common Pleas, finding the decision of the Board of Review not to be unlawful, unreasonable, nor against the manifest weight of the evidence, said judgment is affirmed.