# EXHIBIT M

Case 1:01-cv-00817-SAS-DSF Document 44-15 Filed 09/30/2003 Page 2 of 5

2000 U.S. Dist. LEXIS 10622; 10 Am. Disabilities Cas. (BNA) 1246

WILLIAM MERIWEATHER, Plaintiff, v. AT&T CORP., Defendant.

CIVIL ACTION FILE NO. 1:98-CV-3698-TWT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

2000 U.S. Dist. LEXIS 10622; 10 Am. Disabilities Cas. (BNA) 1246

January 25, 2000, Decided
January 25, 2000, Filed

**DISPOSITION:** [*1] Defendant AT&T's Motion for Summary Judgment [Doc. 12] GRANTED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant filed a motion for summary judgment on plaintiff's action, which alleged employment discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C.S. § 12101 et seq.

**OVERVIEW:** Plaintiff was terminated after it was reported that he had threatened his supervisors. Plaintiff then filed suit against defendant, his former employer, alleging violation of the Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12101 et seq., and defendant filed a motion for summary judgment. Plaintiff argued that his second level supervisor regarded him as having a disability. The only evidence plaintiff proffered that he was regarded as disabled was the appearance on his final two paychecks of the word "sick." Despite the fact that plaintiff was on sick leave at the time, plaintiff denied he was sick and argued that these two paychecks demonstrated his supervisor's regard for him as disabled. The court held that, given the absence of evidence that defendant perceived plaintiff as disabled, and the uncontradicted testimony to the contrary, plaintiff failed to present sufficient evidence to allow a reasonable juror to find him disabled under § 12102(2)(c) of the ADA. Alternatively, even if plaintiff had established a prima facie case, defendant was still entitled to summary judgment, as it had articulated a legitimate, nondiscriminatory reason for its terminating plaintiff.

**OUTCOME:** Defendant's motion for summary judgment was granted. Plaintiff failed to present sufficient evidence to allow a reasonable juror to find him disabled. Alternatively, even if plaintiff had established a prima facie case, defendant was still entitled to summary judgment, as defendant had articulated a legitimate, nondiscriminatory reason for terminating plaintiff.

**CORE TERMS:** disability, disabled, supervisor, managers, sick leave, sick, summary judgment, threatening, genuine issue of material fact, prima facie case, termination, terminated, paychecks, reasonable accommodation, non-movant, archaic, coded, uncontradicted, interviewed, undisputed, appearance, terminate, counselor, telephone, clerk, fired, duty

**COUNSEL:** WILLIAM MERIWEATHER, plaintiff, Pro se, Marietta, GA.

For AT&T CORP., defendant: Randy C. Gepp, Lori V. Winkleman, Arrington & Hollowell, Atlanta, GA.

**JUDGES:** THOMAS W. THRASH, JR., United States District Judge.

**OPINIONBY:** THOMAS W. THRASH, JR.

**OPINION:** ORDER

This is an employment discrimination case seeking damages pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Before the Court is Defendant's Motion for Summary Judgment [Doc. 12]. For the reasons set forth below, the motion should be granted.

I. BACKGROUND

Plaintiff William Meriweather is a former employee of Defendant AT&T. Plaintiff began working for AT&T in 1977, as a clerk, and remained in that position throughout his employment with the company. His duties included verifying and correcting problems concerning AT&T toll-free numbers. Plaintiff could wear either a headset or use a telephone receiver to perform his duties which included dialing telephone numbers and speaking on the telephone. In January, 1997, Plaintiff took sick leave due to a stomach virus. While on sick leave, Plaintiff's physician [*2] diagnosed him as suffering from stress. In late January, 1997, Plaintiff sought counseling with Brett Smith, a psychological counselor with Green Spring Mental Health Services. During the meeting, Plaintiff stated

Page 1

Case 1:01-cv-00817-SAS-DSP  Document 44-15  Filed 09/30/2003  Page 3 of 5

2000 U.S. Dist. LEXIS 10622; 10 Am. Disabilities Cas. (BNA) 1246

that he had a plan to kill his AT&T supervisor(s), that he had a gun, and that he could escape to Mexico. Counselor Smith reported these comments to Plaintiff's supervisor. Following an investigation by AT&T's corporate security, Plaintiff's employment was terminated in August 1997. During his entire seven month leave of absence, Plaintiff received sickness and disability benefits under AT&T's policy.

At the time of his termination, Plaintiff was supervised by Mr. Kerry Rogers who reported to Mr. Lou Pagliocca. Both Rogers and Pagliocca worked in Norcross, Georgia. Mr. Pagliocca reported to Mr. Khalid Mohammed in the New Jersey office. Mr. Mohammed decided to terminate Plaintiff because his threats violated the company's code of conduct. Plaintiff was aware of and had access to this code. The code states that employees making threatening comments will receive disciplinary action including termination. According to the uncontradicted testimony of Mr. Pagliocca, AT&T takes [*3] all threats seriously. Mr. Pagliocca also testified that other employees have been terminated for making threatening statements. After Counselor Smith notified AT&T of Plaintiff's statements, AT&T corporate security managers investigated the alleged threats. They interviewed Counselor Smith and several other corporate employees. When Plaintiff was ready to return to work in August 1997, AT&T corporate security managers interviewed him. The security managers concluded that Plaintiff had made the threatening statements and reported their finding to Mr. Mohammed, Plaintiff's third-level supervisor. It is undisputed that Mr. Mohammed made the decision to terminate Plaintiff. Plaintiff denies that he made threatening statements to Counselor Smith. However, it is undisputed that his managers at AT&T and the corporate security managers were told that he made threats.

Plaintiff contends that AT&T fired him because he was regarded as disabled. Specifically, Plaintiff contends that Mr. Pagliocca, his second level supervisor, thought that Plaintiff had a disability. Plaintiff had no interaction with his supervisors while on leave. Nevertheless, Plaintiff bases his contention upon the appearance [*4] of the word "sick" printed on his last two paychecks. Plaintiff filed a charge with the EEOC on September 3, 1997 and received a notice of a right to sue letter on September 29, 1998. He filed this lawsuit in December 1998.

II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 158-159, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). [*5]

III. DISCUSSION

Plaintiff alleges that AT&T fired him because it regarded him as being disabled in violation of the ADA. 42 U.S.C. §§ 12101-12213. The ADA provides that no covered employer shall discriminate against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* case of discrimination under the ADA, "a plaintiff must demonstrate that (1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination as the result of his disability." *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 910 (11th Cir. 1996), cert. denied, 522 U.S. 1030, 118 S. Ct. 630, 139 L. Ed. 2d 610 (1997). A plaintiff must demonstrate that the employer had either actual or constructive knowledge of the disability or considered the employee to be disabled. *Gordon* 100 F.3d at 910-11. The ADA [*6] imposes on employers the duty to provide reasonable accommodation for known disabilities unless doing so would result in undue hardship to the employer. 42 U.S.C. § 12112(b)(5)(A); see also *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 (11th Cir. 1997). A "qualified individual with a disability" is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In this case, Plaintiff specifically disavows having a disability. Nevertheless, an ADA plaintiff may satisfy the requirement of a disability by showing that he was regarded as having an impairment. *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220 (11th Cir. 1999). Pursuant to Section 12102(2)(c), a plaintiff that is regarded as disabled must also show that he is perceived as being substantially limited in a major life

Case 1:01-cv-00817-SAS-DSP Document 44-15 Filed 09/30/2003 Page 4 of 5

2000 U.S. Dist. LEXIS 10622, *6; Am. Disabilities Cas. (BNA) 1246

activity. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998). "This 'regarded as' provision is 'intended to combat the effects [*7] of archaic attitudes, erroneous perceptions, and myths that have the effect of disadvantaging persons with, or regarded as having, disabilities.'" Id. Plaintiff contends that his second level supervisor, Mr. Pagliocca, regarded him as having a disability. The only evidence Plaintiff proffers that he was regarded as disabled is the appearance on his final two paychecks of the word "sick." Despite the fact that Plaintiff was on sick leave at the time, Plaintiff denies he was sick and contends that these two paychecks demonstrate Mr. Pagliocca's regard for him as disabled.

This evidence is insufficient to create a *prima facie* case under the ADA. In the words of the Eleventh Circuit, "it is difficult...to see how this statement evinces an erroneous or archaic attitude that would disadvantage someone wrongly suspected of being disabled." *Id. at 1328*. Rather than perceiving Plaintiff as impaired, the evidence suggests that AT&T correctly classified his check as payment towards sick leave rather than compensation for work performed. As Plaintiff had been on sick leave for more than six months, such a classification is not evidence of discriminatory regard. Moreover, [*8] Plaintiff offers no authority for the proposition that classifying someone as sick constitutes regarding them as disabled. Plaintiff's evidence is further weakened by his admission that he does not know who coded his check, and by the lack of evidence that Mr. Pagliocca instructed Plaintiff to be coded as sick. Finally, Mr. Pagliocca's regard for Plaintiff is irrelevant. The undisputed evidence is that Mr. Mohammed terminated Plaintiff. Given the absence of evidence that anyone at AT&T perceived Plaintiff as disabled, and the uncontradicted testimony to the contrary, the Court finds that Plaintiff has failed to present sufficient evidence to allow a reasonable juror to find him disabled under Section 12102(2)(c) of the ADA. Accordingly, AT&T's Motion for Summary Judgment should be granted as to Plaintiff's ADA wrongful termination claim.

Alternatively, even if Plaintiff had established a *prima facie* case, AT&T is still entitled to summary judgment. AT&T has articulated a legitimate, nondiscriminatory reason for its terminating Plaintiff. *Moses v. American Nonwovens, Inc.*, 97 F.3d 446, 447 (11th Cir. 1996). The uncontradicted evidence shows that his managers at [*9] AT&T and the corporate security managers were advised by a counselor that Plaintiff threatened to kill his supervisors. The Court can think of no more legitimate and compelling reason to terminate an employee's employment. There is no competent evidence that the reason given for Plaintiff's termination was pretextual.

IV. CONCLUSION

For the foregoing reasons, Defendant AT&T's Motion for Summary Judgment [Doc. 12] is hereby GRANTED. The Clerk is directed to enter final judgment in favor of Defendant AT&T and against the Plaintiff.

SO ORDERED, this 25 day of January, 2000.

THOMAS W. THRASH, JR.

United States District Judge

Case 1:01-cv-00817-SAS-DSP    Document 44-15    Filed 09/30/2003    Page 5 of 5