# EXHIBIT N

Case 1:01-cv-00817-SAS-DSP  Document 44-16  Filed 09/30/2003  Page 2 of 4

2000 Ohio App. LEXIS 443; 82 Fair Empl. Prac. Cas. (BNA) 385

LEVON HOPKINS, Plaintiff-Appellant, vs. UNITED PARCEL SERVICE, INC., Defendant-Appellee.

APPEAL NO. C-990392

COURT OF APPEALS OF OHIO, FIRST APPELLATE DISTRICT, HAMILTON COUNTY

2000 Ohio App. LEXIS 443; 82 Fair Empl. Prac. Cas. (BNA) 385

February 11, 2000, Date of Judgment Entry on Appeal

**NOTICE:** [*1] THESE ARE NOT OFFICIAL HEADNOTES OR SYLLABI AND ARE NEITHER APPROVED IN ADVANCE NOR ENDORSED BY THE COURT. PLEASE REVIEW THE CASE IN FULL.

**PRIOR HISTORY:** Civil Appeal From: Hamilton County Court of Common Pleas. TRIAL NO. A-990860.

**DISPOSITION:** Judgment Appealed From Is: Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff appealed the summary judgment entered by the Hamilton County Court of Common Pleas (Ohio) in favor of defendant, in a race-discrimination case brought under *Ohio Rev. Code Ann. § 4112*.

**OVERVIEW:** The court found that *Ohio Rev. Code Ann. § 4112.14(C)* applied to age discrimination cases when the employee has the ability to arbitrate his claims. The court further found that defendant's grievance procedure possessed the requisite procedural safeguards to be deemed arbitration despite the fact that the panel included management representatives. Moreover, they held that any deficiencies in the grievance process cited by plaintiff, such as the fact that he was not represented by an attorney and did not assert his race-discrimination claim in the grievance hearings, were the products of his own inaction and were not flaws inherent in the grievance procedure. The court therefore found no error in the trial court's holding that plaintiff's claim was barred by *Ohio Rev. Code Ann. § 4112.14(C)*.

**OUTCOME:** Judgment affirmed, because the court did not error in holding that plaintiff's claim was barred by statute which limits civil action in age discrimination cases when the employee has the ability to arbitrate his claims.

**CORE TERMS:** summary judgment, grievance, arbitration, assignment of error, age-discrimination, race-discrimination, persuasive, termination, arbitrate, grievance procedure, age discrimination, impartiality, arbitrated, heading, remedies available

**HEADNOTES:** CIVIL MISCELLANEOUS

**SYLLABUS:** The trial court did not err in holding that an employee's race-discrimination claim was barred by *R.C. 4112.14(C)*, which prohibits the filing of judicial actions under R.C. Chapter 4112 where there has otherwise been an opportunity to arbitrate the claim: The grievance procedure available under the applicable collective-bargaining agreement possessed the requisite procedural safeguards to be deemed arbitration within the meaning of the statute, and the statutory bar was properly invoked even though the employee had not actually raised a race-discrimination claim during his arbitration.

**COUNSEL:** Donald B. Hordes, H. Toby Schisler, and Schwartz, Manes & Ruby, for Plaintiff-Appellant.

H. Lawson Walker, II, and Christie L. Pattinson, Brown, Todd & Heyburn, PLLC, for Defendant-Appellee.

**JUDGES:** DOAN, P.J., GORMAN and SHANNON, JJ. RAYMOND E. SHANNON, retired, of the First [*2] Appellate District, sitting by assignment.

**OPINION:** DECISION.

*Per Curiam.*

Plaintiff-appellant, Levon Hopkins, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, United Parcel Service, Inc. ("UPS"), in a race-discrimination case brought under R.C. Chapter 4112. For the following reasons, we affirm the judgment of the trial court.

Hopkins was employed by UPS as a driver for approximately nineteen years. UPS terminated his employment in 1996, citing as its reason the fact that Hopkins had been involved in three "avoidable" accidents within a one-year period. Hopkins filed a grievance with his union, and a local hearing was conducted in early May 1996. That hearing was

Case 1:01-cv-00817-SAS-DSB    Document 44-16    Filed 09/30/2003    Page 3 of 4

2000 Ohio App. LEXIS 443; 82 Fair Empl. Prac. Cas. (BNA) 985

conducted before a panel consisting of UPS managers and a representative from the union. The panel could not reach a consensus on the propriety of the termination, and pursuant to the collective-bargaining agreement, the termination was therefore upheld.

Hopkins appealed the result of the first grievance hearing, and his case then went before the Ohio Joint State Committee ("OJSC") in Columbus. The OJSC grievance panel was made up of two UPS representatives [*3] and two union representatives. After a hearing conducted May 13, 1996, the OJSC held that Hopkins's termination was for just cause.

In January 1998, Hopkins filed an action in federal court, seeking relief under federal and state law. The federal claim was dismissed as untimely, and the court dismissed the state claim without prejudice. Then, in February 1999, Hopkins filed the state-law claim in the Hamilton County Court of Common Pleas.

UPS filed a motion to dismiss and for summary judgment, and the trial court granted the motion in an entry journalized May 13, 1999. n1 The trial court held that the action was filed past the applicable statute of limitations and that it was barred pursuant to the arbitration provision of *R.C. 4112.14(C)*. This appeal followed.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - -

n1 Though the trial court did not specify whether it granted the motion pursuant to Civ.R. 12 or Civ.R. 56, we construe the entry as a grant of summary judgment, as it is evident from the record that the trial court considered material outside of the pleadings in reaching its decision.

- - - - - - - - - - - End Footnotes- - - - - - - - -

[*4]

Because we find the second assignment of error dispositive of the appeal, we address it first. In that assignment, Hopkins contends that the trial court erred in granting summary judgment on the basis that Hopkins had arbitrated his claim and was therefore precluded from filing suit pursuant to *R.C. 4112.14(C)*. We are not persuaded.

Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. n2 This court's review of the granting of a motion for summary judgment is *de novo*. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - -

n2 *State ex rel. Howard v. Ferreri (1994), 70 Ohio St. 3d 587, 589, 639 N.E.2d 1189, 1192.*

n3 *Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35, 506 N.E.2d 212.*

- - - - - - - - - - - End Footnotes- - - - - - - - -

[*5]

In the case at bar, we find no error in the trial court's granting of summary judgment. *R.C. 4112.14(C)*, governing the effect of the availability of arbitration on the maintenance of a civil suit, provides the following:

The cause of action described in division (B) of this section and other remedies available under this chapter shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has found to be for just cause.

Hopkins first contends that the foregoing language applies only to age-discrimination claims and that the trial court erred in finding his race-discrimination claim to be barred. We cannot accept Hopkins's construction of *R.C. 4112.14(C)*. The plain language of the statute indicates the General Assembly's intent to bar civil actions for age discrimination as well as "other remedies available under this chapter" when the employee has the ability to arbitrate his claims. To hold that the statute applies only to age-discrimination claims would in effect be to eliminate the language regarding [*6] "other remedies," a modification this court is not empowered to effectuate. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - -

n4 See *State ex rel. Crosset Co. v. Conrad (2000), 87 Ohio St. 3d 467, 721 N.E.2d 986.*

- - - - - - - - - - - End Footnotes- - - - - - - - -

In further support of his position, Hopkins emphasizes that the heading of *R.C. 4112.14* indicates that the statute is intended to govern only age-discrimination claims. This argument is not persuasive in light of

Case 1:01-cv-00817-SAS-DSP    Document 44-16    Filed 09/30/2003    Page 4 of 4

2000 Ohio App. LEXIS 443; 82 Fair Empl. Prac. Cas. (BNA) 985

R.C. 1.01, which provides that the language of a statutory heading is not part of the statute and cannot be invoked to limit a statute's effect. n5 Similarly, Hopkins contends that, in general, the subject matter of R.C. 4112.14 is age discrimination and that the statute should, therefore, be construed as relating to only age-discrimination claims. Once again, this argument is not persuasive, in view of the unambiguous language preventing other remedies under R.C. Chapter 4112 when the employee has the opportunity to seek arbitration.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n5 See *State ex rel. Larkins v. Baker* (1995), 73 Ohio St. 3d 658, 653 N.E.2d 701.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

[*7]

Hopkins next argues that, even if *R.C. 4112.14(C)* applies to race-discrimination claims, he did not arbitrate his claim within the meaning of the statute. He contends that the UPS grievance procedure did not constitute "arbitration" because the panel included management representatives. n6 Hopkins argues that, therefore, the grievance process lacked the indicia of impartiality that the term "arbitration" implies. Similar arguments have been raised and rejected in prior cases, with the courts holding that the UPS grievance mechanism does possess the requisite procedural safeguards to be deemed arbitration. n7 We find the reasoning of those cases to be persuasive. Moreover, any deficiencies cited by Hopkins, such as the fact that he was not represented by an attorney and did not assert his race-discrimination claim in the grievance hearings, were the products of his own inaction and were not flaws inherent in the grievance procedure. We therefore find no error in the trial court's holding that Hopkins's claim was barred by *R.C. 4112.14(C)*, and we accordingly overrule the second assignment of error.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n6 Hopkins also notes that the interests of the employee and the union are not necessarily aligned and that, therefore, the presence of union representatives on the panel does not necessarily ensure impartiality.

[*8]

n7 See *United Parcel Service, Inc. v. Mitchell* (1981), 451 U.S. 56, 101 S. Ct. 1559, 67 L. Ed. 2d 732; *Vanderveer v. United Parcel Service, Inc.* (C.A.6, 1994), 25 F.3d 403.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Having held that the trial court properly granted summary judgment based upon *R.C. 4112.14(C)*, we need not address the first assignment of error, in which Hopkins argues that the court erred in holding that his claim was barred by the statute of limitations. We hold that the first assignment of error is moot, and we therefore affirm the judgment of the trial court.

*Judgment affirmed.*

**DOAN, P.J., GORMAN** and **SHANNON, JJ.**

RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.