# EXHIBIT O

WILLIAM R. SUTTERLIN, Plaintiff-Appellant -vs- MANSFIELD PLUMBING PRODUCTS, INC., Defendant-Appellee

Case No. 00COA01369

COURT OF APPEALS OF OHIO, FIFTH APPELLATE DISTRICT, ASHLAND COUNTY

2001 Ohio App. LEXIS 1466

March 26, 2001, Date of Judgment Entry

**PRIOR HISTORY:** [*1] CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case No. 99CIV36120.

**DISPOSITION:** Affirmed.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant employee was discharged for dishonesty and falsification of his time card. In arbitration under a collective bargaining agreement, the discharge was upheld. Appellant sued for age discrimination, wrongful discharge/breach of contract, and violation of the progressive discipline policy. Appellant challenged the judgment of the Court of Common Pleas of Ashland County (Ohio) dismissing his complaint for failure to state a claim.

**OVERVIEW:** The appellate court held that appellant failed to claim that his discriminatory discharge for age included being replaced by a younger worker, nor did the complaint aver to Ohio Rev. Code Ann. § 4112.01 et seq. The arbitrator's decision finding just cause was final and binding upon the parties. There was no claim invoking the federal age discrimination statute either. Appellee's work rules provided for immediate discharge for falsification of production reports, including time cards. The complaint did not allege any breach of duty by the union.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** arbitrator, grievance, failure to state a claim, collective bargaining agreement, sub judice, progressive discipline, breach of contract, motion to dismiss, causes of action, breach of duty, bring suit, finality, wrongful discharge, age discrimination, falsification, card

**COUNSEL:** For Plaintiff-Appellant: JAMES H. BANKS, Dublin, OH.

For Defendant-Appellee: WILLIAM J. WAHOFF, GREGORY B. SCOTT, EDWARD L. OSTROWSKI, JR., Columbus, OH.

**JUDGES:** Hon. Julie A. Edwards, P.J., Hon. Sheila G. Farmer, J., Hon. John W. Wise, J., By Farmer, J., Edwards, P.J. and Wise, J., concur.

**OPINIONBY:** Sheila G. Farmer

**OPINION:** Farmer, J.

Appellant, William R. Sutterlin, was employed by appellee, Mansfield Plumbing Products, Inc., from May 27, 1970 to December 5, 1997. Appellant was discharged for dishonesty and falsification of his time card. Appellant filed a grievance pursuant to the parties' Collective Bargaining Agreement. A hearing before an arbitrator commenced on June 9, 1998. The arbitrator upheld the discharge, finding appellant was fired for just cause. On August 25, 1999, appellant filed a complaint in the Court of Common Pleas alleging age discrimination, wrongful discharge/breach of contract and violation of the progressive discipline policy. On March 3, 2000, appellee filed a motion to dismiss claiming the complaint failed to state a claim upon which relief could be granted. [*2] By decision and judgment entry filed March 31, 2000, the trial court granted said motion and dismissed the complaint. A final judgment entry was filed on May 24, 2000. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT COMPANY-EMPLOYER'S MOTION TO DISMISS PLAINTIFF'S DISCRIMINATION CLAIMS.

I

Appellant claims the trial court erred in granting appellee's Civ.R. 12(B) motion to dismiss for failure to state a claim upon which relief could be granted. We disagree. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R.12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42

*Ohio St. 2d 242, 327 N.E.2d 753*, syllabus. Our review of the trial court's decision to grant the motion to dismiss for failure to state a claim upon which relief can be granted is *de novo. Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co. (1994), 93 Ohio App. 3d 292, 294, 638 N.E.2d 174.* [*3] The complaint sub judice included three causes of action claiming age discrimination, wrongful discharge/breach of contract and breach of the progressive discipline policy. We note nowhere in appellant's complaint did he claim that his discriminatory discharge for age included being replaced by a younger worker nor did the complaint aver to *R.C. 4112.01* et seq. *Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St. 3d 125, 672 N.E.2d 145.* In answer to these causes of action, appellee claimed many affirmative defenses including failure to state a claim. Attached to appellee's answer were the Collective Bargaining Agreement and Arbitrator's Opinion. The decision of the arbitrator on grievance issues covered by the union agreement is "final and binding upon all parties to the dispute." See, Exhibit A, attached to Defendant's October 15, 1999 Answer at Article 22, Section 6. In his report and decision dated August 24, 1999, the arbitrator concluded "that the Grievant deliberately and intentionally falsified his time cards on November 26 and December 1, 1997 in order to increase his pay." No appeal via *R.C. 2711.10* was [*4] taken to this decision. Instead, appellant filed the action sub judice. *R.C. 4112.14* governs discrimination because of age by employers. Subsection (C) states "the cause of action described in division (B) of this section and other remedies available under this chapter shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause." The arbitrator's report sub judice found that appellant was terminated for "just cause." Therefore, under the plain language of the cited statute, appellant's claim under *R.C. 4112.01* et seq. is barred. We note the time for filing a *R.C. 4112.02(N)* claim has passed under the pre-tort reform case law. See, *Bellian v. Bicron (1994), 69 Ohio St. 3d 517, 634 N.E.2d 608.* In addition, there is no claim in the complaint invoking the Age Discrimination Employment Act, Section 626, Title 29, U.S.Code, nor is there any claim of having previously filed a claim with the Equal Employment Opportunity Commission. Section 626(d), [*5] Title 29, U.S.Code. Appellant also argues breach of contract and violation of the progressive discipline policy. As cited in the arbitrator's decision, appellee's work rules, specifically Group A, No. 8, provided for immediate discharge for "falsification of production reports including time cards." Further, in *DelCostello v. International Brotherhood of Teamsters, et al. (1983),*

*462 U.S. 151, 163-165, 76 L. Ed. 2d 476, 103 S. Ct. 2281,* the Supreme Court of the United States held the following: It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement.***Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement.***Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement.***In *Vaca [v. Sipes (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903]* and *Hines [v. Anchor Motor Freight (1976), 424 U.S. 554, 47 L. Ed. 2d 231, 96 S. Ct. 1048],* however, we recognized that this rule works an unacceptable injustice [*6] when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding.***"To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *United Parcel Service v. Mitchell, 451 U.S. 56, 66-67, 101 S. Ct. 1559, 1565-1566, 67 L. Ed. 2d 732* (Stewart, J., concurring in the judgment), quoting *Hines, 424 U.S., at 570-571, 96 S. Ct., at 1059.* (Citations omitted.)

Appellant's complaint did not allege any breach of duty by the union. Based upon the foregoing, we find the trial court did not err in dismissing appellant's complaint. The sole assignment of error is denied.

The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J. Edwards, P.J. and Wise, J. concur. [*7]

# End Of LexisNexis(TM) Get & Print Report

**Session Name:**   GP070922

**Date:**   September 22, 2003

**Client:**   Frost Brown Todd