UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARRY ARMSTRONG, | : | Case No.: C-1-01-817 |
| | : | |
| Plaintiff, | : | Judge Spiegel |
| | : | Mag. Judge Sherman |
| | : | |
| v. | : | DEFENDANT CINCINNATI BELL'S REPLY |
| | : | IN SUPPORT OF MOTION TO COMPEL |
| | : | |
| CINCINNATI BELL TELEPHONE, | : | |
| | : | |
| Defendant. | : | |

**I.     Introduction.**

Plaintiff offers no legitimate explanation or legal support for his failure to provide the discovery at issue. In addition, his asserted grounds for refusing to answer deposition questions are in clear violation of Rule 30(d). With discovery now over in this case, Cincinnati Bell is entitled to know exactly what Plaintiff is claiming for damages and to review the requested information and documentation that is relevant to his claimed damages and his duty to mitigate his damages. Cincinnati Bell respectfully requests an order compelling Plaintiff to (1) produce a calculation and supporting documentation for the damages he is seeking; (2) produce any and all requested tax returns not already produced; and (3) answer deposition questions concerning the lump sum retirement benefit he received from Cincinnati Bell.

**II.    Plaintiff Should Be Compelled to Produce a Calculation of All Damages He is Seeking With All Supporting Documentation.**

As set forth in Cincinnati Bell's Motion to Compel, Plaintiff has claimed damages in this case for not only lost wages, but also "reimbursement for loss of medical, dental and vision benefits" and "past and future medical expenses." *See* Pl. Responses to Def.'s First Set of Interrogatories, attached as Exh. C. to Mot. to Compel. It appears that Plaintiff is now

abandoning these claims. He asserts in his Memorandum in Opposition that his claim for damages "clearly now revolves around the issue of reinstatement of Plaintiff's employment by Defendant and back wages." Pl. Memo. In Opp. at 4. To the degree, however, that Plaintiff is not abandoning these claims, he should be compelled to produce a calculation of his claimed damages and supporting documentation, as requested by Cincinnati Bell in discovery and required by Rule 26(a)(1)(C).

Plaintiff suggests that Cincinnati Bell should assume the burden of calculating his claimed medical expenses based on records received from his health care providers during discovery. This is both improper and impossible. Cincinnati Bell has provided Plaintiff's counsel with copies of the records received from Plaintiff's health care providers. Affidavit of K. Morgan at ¶2, attached as Exh. A. Thus, Plaintiff has access to the same documents he now contends Cincinnati Bell should review in order to calculate his claimed damages. His suggestion that Cincinnati Bell should assume this burden is clearly improper under Rule 26.[1]

Moreover, even if Cincinnati Bell was inclined or required to calculate Plaintiff's claimed medical expenses, it would not be possible. The records at issue do not provide sufficient information for determining amounts paid by Plaintiff for health care services. Affidavit of K. Morgan at ¶3. Indeed, most of Plaintiff's health care providers produced <u>no</u> documentation with regard to amounts billed or paid. *Id*. Although a handful of pages received from one of the providers appear to refer to billing, even these few pages do not provide sufficient information as to amounts ultimately paid by Plaintiff versus those paid by his insurer. *Id*.

---

[1] Plaintiff suggests that he has somehow been unable to calculate his claimed damages because Cincinnati Bell would not allow Plaintiff's counsel to directly contact Richard Haas, a Manager in Benefits Administration at Cincinnati Bell. It is well-settled that Plaintiff's counsel is not permitted to directly communicate with a manager of the Company about an issue in the case. *See, e.g., Insituform of North America, Inc. v. Midwest Pipeliners, Inc.*, 139 F.R.D. 622, 625 (S.D. Ohio 1991). Contrary to Plaintiff's counsel's assertion, the fact that a third-party (in this case,

The bottom line is that Cincinnati Bell is entitled to know what damages Plaintiff is claiming in this case and how he is calculating these damages. Cincinnati Bell does not now, nor has it ever, understood Plaintiff's claims for "reimbursement for loss of medical, dental and vision benefits" and "past and future medical expenses." Indeed, the meaning and scope of these claims continues to be a mystery. To the degree that Plaintiff is not abandoning these claims, Cincinnati Bell requests an order compelling him to produce the required computation and supporting documentation. The Company has been in the dark long enough and should not be ambushed should this case go to trial.

### III.  Plaintiff Should Be Compelled to Produce Copies of Any Requested Tax Returns Not Already Produced.

Cincinnati Bell requested Plaintiff's tax returns for 1998 through the date of trial. Plaintiff initially produced federal tax returns for 1998, 1999, and 2000, some local returns, and some state returns he filed on behalf of a company he owned. After Cincinnati Bell filed its Motion to Compel, Plaintiff produced a copy of his 2001 federal return. Plaintiff has failed to produce his individual state income tax returns for the requested period. In addition, he has not produced a copy of any returns for 2002.[2]

Plaintiff asserts that he has produced "any and all tax information in his possession and control." He references a search he conducted at his home. However, as set forth in Cincinnati Bell's Motion to Compel, Plaintiff's obligation to produce the returns in his "possession or

---

Benefits One) allegedly instructed him to call Mr. Haas does not alter the prohibition against *ex parte* communications.

[2] Although Plaintiff apparently now concedes that his tax returns following his termination are relevant, he argues that returns for the years preceding his termination are not relevant. Plaintiff offers no legal authority for this position. As the Court is aware, the rules of discovery are to be interpreted broadly. *See generally* Fed. R. Civ. P. 26. Cincinnati Bell is entitled to review Plaintiff's income, and sources of income, during the years preceding his termination in order to determine what, if any, bearing this may have had on his motivation to mitigate his damages following his termination. Cincinnati Bell's request is limited to a reasonable timeframe of two years prior to Plaintiff's termination.

control" requires him to obtain any necessary copies from the IRS and the State of Ohio. *See* Def.'s Mot. To Compel at 5. Accordingly, Cincinnati Bell respectfully requests an order compelling Plaintiff to take whatever steps are necessary to produce copies of the requested returns not already produced, i.e., state returns for 1998-2002 and his federal return for 2002.

**IV.     Plaintiff Should Be Required to Answer Deposition Questions Regarding The Lump Sum Retirement Benefit He Received From Cincinnati Bell.**

Plaintiff offers two arguments in an effort to support his refusal to answer Cincinnati Bell's deposition questions about the $114,000 lump sum retirement benefit he received from the Company. First, he argues that information regarding this benefit is not relevant. Second, he argues that answering questions about this benefit might somehow "compromise" his ability to conduct settlement negotiations. Both of these arguments are improper under Rule 30(d) and must be rejected.

The grounds for instructing a deponent not to answer are severely limited. *See* Fed. R. Civ. P. 30(d). Rule 30(d) provides that a deponent may be instructed not to answer "**only** when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Fed. R. Civ. P. 30(d) (emphasis added). Here, Plaintiff asserts no privilege, there is no court limitation in effect, and Plaintiff concedes he did not suspend the deposition in order to file a Rule 30(d)(4) motion.[3] His refusal to answer questions based on relevance and a purported concern about "compromising" settlement discussions clearly violates Rule 30(d). *See e.g., Lamb v. M&M Associates, Inc.*, Case No. C-3-96-463, 1998 U.S. Dist.

---

[3] Plaintiff suggests that he was subjected to harassment when Cincinnati Bell chose to videotape the second day of his deposition. Although this allegation has no relevance to the issues at hand, it should be clarified for the record that Cincinnati Bell's Notice of Continued Deposition expressly provided for the videotaping of the deposition. Affidavit of K. Morgan at ¶4: Notice of Continued Deposition (Exh. 1 to Affid. Of K. Morgan). Moreover, counsel for Cincinnati Bell sent Plaintiff's counsel a letter prior to the deposition to advise him, as a professional courtesy, that the Company was electing to videotape the deposition. Affid. of K. Morgan at ¶4; Aug. 19, 2003 Ltr. to Pl. Counsel (Exh. 2 to Affid. of K. Morgan).

LEXIS 13773 at * 7 n.3 (S.D. Ohio, Sept. 1, 1998); *Jones v. Robinson*, Case No. 1:00cv 512, 2001 U.S. Dist. LEXIS 4840 at *2 (W.D. Mich., Apr. 9, 2001) (copies attached as Exh. F to Motion to Compel). Indeed, if concern about settlement were a valid ground for refusing to answer questions, parties would refuse to answer most questions posed during depositions.

Accordingly, Cincinnati Bell respectfully requests an order compelling Plaintiff to answer deposition questions about the lump sum retirement benefit he received from Cincinnati Bell.

**V.    Conclusion.**

Plaintiff should be required to provide basic information so that Cincinnati Bell can understand and challenge his claims for damages. For the reasons set forth in its Motion to Compel and above, Cincinnati Bell respectfully requests an order compelling Plaintiff to produce the information and to answer the deposition questions at issue. Cincinnati Bell also requests, pursuant to Rule 37(a)(4), that it be awarded the costs and attorneys' fees it incurred in bringing this motion.

Respectfully submitted,

s/ Katherine C. Morgan
Katherine Cook Morgan (0068184)
David A. Skidmore, Jr. (0056045)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6800
kmorgan@fbtlaw.com

Trial Attorneys for Defendant
Cincinnati Bell Telephone Company

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 30, 2003 a copy of the foregoing, Defendant Cincinnati Bell's Reply in Support of Motion to Compel, was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

      Respectfully submitted,

      s/ Katherine C. Morgan
      Katherine Cook Morgan (0068184)
      David A. Skidmore, Jr. (0056045)
      FROST BROWN TODD LLC
      2200 PNC Center
      201 East Fifth Street
      Cincinnati, Ohio  45202-4182
      (513) 651-6800
      kmorgan@fbtlaw.com

      Trial Attorneys for Defendant
      Cincinnati Bell Telephone Company

CinLibrary/1329479.1