United States District Court
Southern District of Ohio
Western Division

HARRY ARMSTRONG,
    Plaintiff                                               No. C-1-01-817

vs.                                                                         Spiegel, J.; M.J.

CINCINNATI BELL TELEPHONE,
    Defendant                                           **ORDER**

Before the Court is Defendant's Motion to Compel Discovery (Doc. 40), Plaintiff's response thereto (Doc. 42) and Defendant's Reply (Doc. 47).

Upon full consideration of the arguments presented, it is now ORDERED that the motion to compel is GRANTED.

    1.    Defendant seeks, pursuant to F. R. Civ. P. 26(a)(1)(C), a computation and all supporting documentation regarding Plaintiff's claim for reimbursement for loss of "medical, dental, or vision benefits" and for "past and future medical expenses."

Plaintiff's response to Defendant's argument in the motion to compel is unclear, however, Plaintiff apparently clarifies that he is seeking compensation for "unpaid back premiums" for his health insurance in addition to compensation for past medical treatments. Plaintiff suggests Defendant can easily calculate his past medical bills from the records it has received through other discovery.

The time for discovery in this case has expired. The requirements of F. R. Civ. P. 26(a)(1)(C) cannot be avoided by Plaintiff; he must provide Defendant a computation of the damages he claims and the supporting records. That Defendant may already have in its possession certain records from which some of the information can be gleaned does not satisfy Plaintiff's obligation under the Rule. The time has come for Plaintiff to provide Defendant with dollar figures and documents or face the likelihood of having these claims for damages excluded at trial.

Within ten (10) days of this date, Plaintiff shall provide the required computations and supporting documentation.

2. As to Defendant's request to compel Plaintiff's disclosure of tax returns, the documents which seemingly remain in issue are Plaintiff's 2002 federal tax return and his state tax returns dating back to 1998.

Plaintiff has placed his income in issue by seeking an award of damages for lost wages. The requested tax returns are relevant to this claim and are "reasonably calculated to lead to the discovery of admissible evidence. F .R. Civ. P. Rule 26(b)(1). Plaintiff offers no argument of privilege or confidentiality.

Plaintiff shall immediately take the necessary steps to obtain and produce the returns.

3. With regard to Plaintiff's refusal to answer deposition questions regarding a December, 2002 lump sum retirement benefit, Plaintiff does not dispute that, upon the instruction of his counsel, he refused to answer the questions.

Rule 30, F. R. Civ. P., makes eminently clear that instructions by counsel not to

answer questions at a deposition are improper as a general rule.  Such instructions are permissible "*only* when necessary to preserve the privilege, to enforce a limitation on evidence directed by the court, or to present a motion under Rule 30(d)(4)."  Here there was no claim of privilege and no court ordered restriction on the evidence.  Furthermore, neither at nor following the deposition did Plaintiff's counsel seek a protective order.

Plaintiff shall respond to Defendant's inquiry as to the disposition of the retirement benefit.  Within ten (10) days of the entry of this Order, Defendant may propound additional interrogatories which address this issue.  Within ten (10) days of Plaintiff's receipt, full and complete responses shall be served upon Defendant.

4.  Defendant requests an award of its costs and fees in bringing this motion to compel.  An award of costs and fees is appropriate especially in light of Plaintiff's counsel's blatant rule violation in instructing his client not to answer deposition questions.  The fault is Plaintiff's counsel - NOT Plaintiff.

Accordingly, Plaintiff's counsel shall make payment to Defendant in an amount of $500.00 in compensation for Defendant's motion to compel and the additional required interrogatories.  Payment shall be made within ten (10) days of this date.

Done this 22nd day of October, 2003.

                                          s/Susan M. Novotny
                                          Susan M. Novotny
                                          United States Magistrate Judge